UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

PHOENIX WORLDWIDE
INDUSTRIES, INC.,

    Debtor.
_____/

CASE NO. 09-23201-BKC-RAM

Chapter 11

## C3's OBJECTIONS TO CONFIRMATION

    C3 CAPITAL PARTNERS, L.P. and C3 CAPITAL PARTNERS II, L.P. (collectively, "C3"), secured creditors, by and through their undersigned attorneys, object to confirmation of Phoenix Worldwide Industries, Inc.'s (the "Debtor") First Amended Chapter 11 Plan of Reorganization [ECF # 234] (the "Plan") pursuant to 11 U.S.C. § §1125 and 1129. The Plan should not be confirmed because it is not feasible, and does not provide C3 with the present value of its secured claim.

    1.    The Debtor commenced this Chapter 11 case on June 29, 2009. The Debtor is a defense contractor in the business of designing and manufacturing passive, covert, stealth surveillance gathering, tagging, tracking and intercepting equipment.

    2.    On July 1, 2010, the Debtor filed its First Amended Disclosure Statement[1] [ECF # 233] and its First Amended Chapter 11 Plan of Reorganization [ECF # 234].

    3.    C3 is a secured creditor of the Debtor pursuant to two secured promissory notes, and filed a proof of claim on August 12, 2009 [Claim No. 26].

    4.    The Plan violates 11 U.S.C. § 1129(a)(11) because it is not feasible. The Debtor has failed to demonstrate sufficient evidence that it will be able to make the payments required under

---

[1] The Debtor subsequently filed a Corrected First Amended Disclosure Statement [ECF # 238]

3909.101/321709

1

the Plan. The Debtor has failed to demonstrate that confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization. The Debtor's performance of its agreed and/or Court-ordered obligations during this case has been uneven at best. It is currently several months in arrears on required adequate protection payments to C3.

5. The Debtor has acknowledged that it requires an infusion of fresh debt or equity capital in order to reorganize, yet, after more than 19 months in Chapter 11, it has obtained no new capital. C3 and other creditors have attempted to accommodate the Debtor's reorganization efforts, but it is now apparent that any long-term reorganization effort would be futile.

6. The Plan cannot be confirmed, over C3's objection, under 11 U.S.C. § 1129(b). Although the Plan allows C3 to maintain its liens, it does not provide C3 with cash payments with a value equal to the allowed amount of C3's claim as of the effective date of the Plan. C3 provided the Debtor with funds based on two secured promissory notes at 13% with a maturity date one year after issuance, August 28, 2009. The Plan, which proposes to stretch the original short-term financing over a fiver-year period with a substantially reduced interest rate of 5%, is not fair and equitable as to C3.

7. C3 reserves all other confirmation objections that may appear from the results of balloting on the Plan.

**WHEREFORE**, C3 respectfully requests that the Court deny confirmation of the Debtor's First Amended Chapter 11 Plan of Reorganization unless the Debtor can remedy the aforementioned deficiencies.

Dated:  February 1, 2011                    Respectfully submitted,

                                                    KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for C3 CAPITAL PARTNERS, L.P. and
C3 CAPITAL PARTNERS II, L.P.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134

Tel: (305) 372-1800  
Fax.: (305) 372-3508  
E-mail: vfa@kttlaw.com

By:  /s/ Vincent F. Alexander  
     Charles W. Throckmorton  
     Florida Bar No. 286192  
     Vincent F. Alexander  
     Fla. Bar No. 68114

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's CM/ECF notification to those parties who are registered CM/ECF participants (including the Debtor's attorney, Jeffrey Bast, Esq.) and via U.S. Mail to all non-registered CM/ECF participants in this case on this 1st day of February, 2011.

By:   /s/ Vincent F. Alexander  
      Vincent F. Alexander